FILED
2018 Sep-25  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



Computershare Governance Services, Inc.
100 Beard Sawmill Road, Shelton, CT 06484

Specialized Loan Servicing LLC
Bryan Sullivan
Computershare Inc.
8742 Lucent Boulevard
HIGHLANDS RANCH CO 80129

August 27, 2018

# SERVICE OF PROCESS NOTICE

Item: 2018-755

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | Client Entity: | Specialized Loan Servicing LLC |
| 2. | Title of Action: | Kiara Perry vs. GMFS, LLC; et al. |
| 3. | Document(s) Served: | Summons |
| | | Cover Sheet |
| | | Complaint |
| 4. | Court/Agency: | Shelby County Circuit Court |
| 5. | State Served: | Alabama |
| 6. | Case Number: | 58-CV-2018-900787.00 |
| 7. | Case Type: | Violations of the Fair Debt Collections Practices |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Friday 8/24/2018 |
| 10. | Date to Client: | Monday 8/27/2018 |
| 11. | # Days When Answer Due: | 30- |
| | Answer Due Date: | 9/23/2018 |
| 12. | SOP Sender:<br>(Name, Address and Phone Number) | John G. Watts<br>Birmingham, AL<br>(205) 879-2447 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 011 |
| 16. | Notes: | None. |

**CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received.

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by ComputerShare Governance Services, Inc.

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2018-900787.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### KIARA PERRY V. GMFS, LLC ET AL

**NOTICE TO:** SPECIALIZED LOAN SERVICING, LLC, C/O UNITED AGENT GROUP 6 OFFICE PARK CIRCLE #100, MOUNTAIN BROOK, AL 35223

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KIARA PERRY pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 8/17/2018 4:43:49 PM  8/21/18 | */s/* MARY HARRIS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     */s/* JOHN GRIFFIN WATTS
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____
*(Date)*

_____
*(Address of Server)*

_____          _____
*(Type of Process Server)*     *(Server's Signature)*

_____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
8/17/2018 4:42 PM
58-CV-2018-900787.00

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>58 | CIRCUIT COURT OF<br>SHELBY COUNTY, ALABAMA<br>MARY HARRIS, CLERK |
|---|---|---|---|
| | | Date of Filing:<br>08/17/2018 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### KIARA PERRY v. GMFS, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  
☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  
☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED  ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 8/17/2018 4:42:56 PM | /s/ JOHN GRIFFIN WATTS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

ELECTRONICALLY FILED
8/17/2018 4:42 PM
58-CV-2018-900787.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

# IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

KIARA PERRY,                                    )
                                                )
    Plaintiff,                                  )
                                                )
                                                )   **JURY DEMANDED**
v.                                              )
                                                )
GMFS, LLC; SPECIALIZED LOAN                     )
SERVICING, LLC; FICTITIOUS                      )
DEFENDANTS A-Z are those                        )
defendants who caused or are
responsible for the harm done to
Plaintiff,

    **Defendants**

## COMPLAINT

**COMES NOW** the Plaintiff Kiara Perry (hereinafter "Plaintiff") by and

through her attorneys of record and file Plaintiff's Complaint against Defendant

GMFS and Defendant Specialized Loan Servicing and states as follows:

## JURISDICTION AND VENUE

1.    This is an action brought by a consumer for violations of the Fair Debt

Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),

the Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA"), the

Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and state law by the

Defendants including an **illegally scheduled foreclosure on Plaintiff's**

---

[1] Any reference the FDCPA or RESPA or TILA or any part thereof encompasses all relevant
parts and subparts thereto.

home located at 229 Lake Forest Way, Maylene Alabama 35114 on August 21, 2018.

2.  This lawsuit is also brought under the authority of Plaintiff's Mortgage – the very paragraph that Defendant GMFS and Defendant Specialized Loan Servicing seek to use to foreclose expressly gives Plaintiff the right to bring this court action to assert defenses.

3.  Paragraph 22 of the Mortgage allows for this lawsuit.

4.  Venue is proper in this Court as Plaintiff resides in this County and Defendants do business in this County.

## PARTIES

5.  The Plaintiff, Kiara Perry, (hereinafter "Plaintiff"), is a natural person who resides within this County.

6.  Defendant GMFS, LLC ("Defendant" or "GMFS") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA and it is also a "creditor" under TILA such that TILA applies to it.

7.  Defendant Specialized Loan Servicing, LLC ("Defendant" or "Specialized Loan Servicing") in this action is a foreign corporation doing business in this County, and is considered a "servicer" and a "creditor" under RESPA and TILA. It is also considered a "debt collector" under the FDCPA.

8.  Due to the conflicting and contradictory information by Defendants, it is unclear which Defendant allegedly owns the mortgage and which Defendant is acting as a servicer so in this lawsuit both are alleged to be acting together in the line of scope of all agency agreements they have with each other. Both are alleged to be the agent for each other.

9.  The foreclosure law firm of Sirote & Permutt, P.C. has at all relevant times acted within the line and scope of its agency and representation of Defendant GMFS and Defendant Specialized Loan Servicing.

10. Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiff. Any reference to "Defendant" or "Defendants" or "Defendant GMFS" or "Defendant Specialized Loan Servicing" includes all fictitiously described Defendants.

### FACTS

11. RESPA and TILA apply to Defendant GMFS and Defendant Specialized Loan Servicing and to the loan at issue in this case.

12. Defendant GMFS and Defendant Specialized Loan Servicing are servicers under RESPA, including the definition of 12 U.S.C. §2605(i)(2) & (3) as well as 12 C.F.R. §1024.2.

13. Defendant GMFS and Defendant Specialized Loan Servicing engaged in the following conduct as a servicer: asking for periodic monthly payments,

3

handling escrow matters (including insurance and force placed insurance), threatening foreclosure, etc.

14. A company such as Defendant GMFS can claim to be an owner or holder of the note and/or mortgage and still be a servicer under RESPA.

15. The loan at issue qualifies under RESPA including 12 C.F.R. §1024.5(a) and 12 C.F.R. §1024.2.

16. TILA applies to Defendant GMFS as it claims to be the original creditor and this loan is subject to TILA.

17. TILA applies to Defendant Specialized Loan Servicing as it claims to be the assignee from the original creditor and it is acting as a servicer as well and this loan is subject to TILA.

18. The FDCPA is a federal law that applies to debt collectors such as Defendant Specialized Loan Servicing.

19. Defendant Specialized Loan Servicing is in the business of collecting on allegedly defaulted consumer debts consisting primarily of home loans.

20. Defendant Specialized Loan Servicing has as its principal purpose in business to collect debts owed to others.

21. Its sole business model is the collecting of defaulted debt, primarily mortgage debt.

22.   Defendant Specialized Loan Servicing does not make loans – instead it collects debt as its business purpose and mission.

23.   The FDCPA applies to mortgage loans, which were allegedly in default at the time the Defendant Specialized Loan Servicing began to collect on such loans.

24.   In this case, Defendant Specialized Loan Servicing took over servicing of the loan on or about March 2, 2018.

25.   Both Defendants claimed that prior to March 2, 2018, the loan was in foreclosure and default.

26.   It is untrue that the loan was in foreclosure but both Defendants claim this and therefore this supports the claim that Defendant Specialized Loan Servicing is a debt collector related to this loan.

27.   The FDCPA prohibits deceptive conduct of any type as well as harassing or unfair conduct, even on debts that are owed.

28.   Here, Defendant Specialized Loan Servicing made false statements to Plaintiff and its conduct can only be described as unfair and harassing.

29.   Defendant Specialized Loan Servicing has repeatedly violated the strict liability FDCPA.

30. Defendant Specialized Loan Servicing is collecting on this debt illegally including the fact that the Defendant Specialized Loan Servicing scheduled an illegal foreclosure on August 21, 2018.

### Timeline of Certain Important Events Between The Parties

31. The following facts are alleged to show the inaccuracies and violations of federal and state law by both Defendant GMFS and Defendant Specialized Loan Servicing.

32. Obviously, these allegations are made without any discovery from Defendant GMFS and Defendant Specialized Loan Servicing but based upon the documents that Plaintiff has, it is clear multiple laws have been broken by Defendant GMFS and Defendant Specialized Loan Servicing and the foreclosure set for August 21, 2018 should not proceed.

33. There are additional documents between the parties but these will be sufficient to give notice to Defendant GMFS and Defendant Specialized Loan Servicing of the claims against them.

34. On June 19, 2017, a purported assignment of mortgage was filed in the Shelby County Probate Court.

35. MERS (Mortgage Electronic Registration Systems, Inc) allegedly transferred the mortgage to Defendant GMFS on this date.

36. The document is signed by "Jennifer Moylan" who purports to be a "Vice President" of MERS.

37. Plaintiff fell behind on her mortgage payments.

38. Plaintiff requested loss mitigation from Defendant GMFS to avoid losing her home.

39. On July 27, 2017, Defendant GMFS indicated there were missing documents with Plaintiff's loss mitigation request.

40. No foreclosure could be scheduled or even started during this time that loss mitigation was being considered.

41. On August 11, 2017, Defendant GMFS sent a letter in response to a loss mitigation package from Plaintiff – the letter gave Plaintiff 30 days to submit additional paperwork to be considered for loss mitigation.

42. On August 18, 2017, Defendant GMFS sent a mortgage statement to Plaintiff.

43. The mortgage statement falsely stated "Effective 08/09/17, a foreclosure action was initiated."

44. Defendant GMFS knew this was false but yet chose to put it on the August 2017 mortgage monthly statement.

45. TILA and RESPA require that the periodic monthly mortgage statements (such as the ones identified in this case) must be accurate.

46.   No foreclosure proceeding had been initiated on August 9, 2017.

47.   The statement does correctly show that the loan was not accelerated.

48.   On September 19, 2017, Defendant GMFS denied Plaintiff's loss mitigation requests.

49.   This denial by Defendant GMFS was illegal, wrong, and against the rules governing review of loss mitigation requests.

50.   Defendant GMFS sent Plaintiff a monthly mortgage statement dated September 19, 2017.

51.   The mortgage statement falsely stated "Effective 08/09/17, a foreclosure action was initiated."

52.   No such foreclosure action was initiated in August 2017.

53.   The statement correctly shows that no acceleration had been made on the loan.

54.   On October 5, 2017, Defendant GMFS indicated there were missing documents with Plaintiff's loss mitigation request.

55.   On October 18, 2017, Defendant GMFS sent a monthly mortgage statement to Plaintiff.

56.   As with previous statements, Defendant GMFS falsely claimed "Effective 08/09/17, a foreclosure action was initiated."

57.   No such foreclosure action was initiated in August 2017.

58. This statement falsely indicates that the entire loan was accelerated.

59. On October 26, 2017, Defendant GMFS sent a letter stating the appeal by Plaintiff of the denial of loss mitigation was rejected and the decision denying loss mitigation would remain.

60. This appeal decision violated the law as the decision to deny loss mitigation was incorrect.

61. The letter did invite Plaintiff to reapply for loss mitigation.

62. On October 27, 2017, Defendant GMFS told Plaintiff that Plaintiff was in default.

63. This letter does not comply with paragraph 22 of the Plaintiff's mortgage.

64. It fails to identify the default.

65. It fails to explain what is necessary to cure the default.

66. The default letter does not state the date to cure the default.

67. The default letter does not indicate the loan may be accelerated if the default is not cured.

68. There is no indication that the Plaintiff can reinstate the loan as required in the default notice per paragraph 22 of the mortgage.

69. And this default notice fails to tell Plaintiff that Plaintiff can file a court action to assert defenses to default, acceleration or foreclosure.

70. October 30, 2017, Defendant GMFS sent Plaintiff a letter telling Plaintiff "We are here to help you" and inviting Plaintiff to apply for loss mitigation.

71. On November 15, 2017, Defendant GMFS sent Plaintiff a letter indicating Plaintiff's loss mitigation package had been received and would be reviewed for any missing documents.

72. Plaintiff provided all requested documents, as Plaintiff did on each occasion of loss mitigation leading up to today.

73. On November 22, 2017, Defendant GMFS through its law firm of Sirote ran a false and illegal ad in the Shelby County Reporter claiming foreclosure was going to occur on January 26, 2018.

74. Such a foreclosure, and the ad itself, were illegal and false and did not comply with the law and the mortgage.

75. On November 29, 2017, Defendant GMFS through its law firm of Sirote ran a false and illegal ad in the Shelby County Reporter claiming foreclosure was going to occur on January 26, 2018.

76. Such a foreclosure, and the ad itself, were illegal and false and did not comply with the law and the mortgage.

77. On December 6, 2017, Defendant GMFS through its law firm of Sirote ran a false and illegal ad in the Shelby County Reporter claiming foreclosure was going to occur on January 26, 2018.

78. Such a foreclosure, and the ad itself, were illegal and false and did not comply with the law and the mortgage.

79. On January 5, 2018, Defendant GMFS denied Plaintiff's request for loss mitigation.

80. This denial by Defendant GMFS was illegal, wrong, and against the rules governing review of loss mitigation requests.

81. On January 23, 2018, Defendant GMFS sent Plaintiff a letter indicating Plaintiff's loss mitigation package had been received and would be reviewed for any missing documents.

82. On February 12, 2018, Defendant GMFS sent a letter to Plaintiff indicating that Defendant Specialized Loan Servicing would be taking over the servicing of the loan effective March 2, 2018.

83. All acts of Defendant Specialized Loan Servicing are as the agent for Defendant GMFS and all such acts were taken within the line and scope of such agency.

84. On February 21, 2018, Defendant GMFS sent a monthly mortgage statement to Plaintiff.

85. The loan was not accelerated but the mortgage statement falsely said the loan was accelerated.

86. The statement falsely indicated that "Effective 11/22/17, a foreclosure action was initiated."

87. No such foreclosure action was initiated.

88. On March 12, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS sent a monthly mortgage statement.

89. It falsely states that the loan was accelerated.

90. The statement also falsely claimed that "Your loan is in foreclosure, the first notice or first legal filing has been completed on your loan."

91. At this time, Plaintiff's loan was not in foreclosure.

92. The first notice had not been given and could not have been given.

93. The "first notice" is the first of a required three weeks of an advertisement in the Shelby County Reporter advertising a foreclosure on a specific date.

94. But this cannot happen until the foreclosure sales notice has been provided to Plaintiff.

95. And the sales notice cannot be sent without the loan being accelerated and Plaintiff being told this in a proper notice/letter.

96. The loan cannot be accelerated without a proper default notice under Paragraph 22 listing all the requirements including the required six items (Default; How to cure the default; When to cure the default; If the default is

not cured, what may happen next in terms of acceleration or foreclosure; Plaintiff has the right to reinstate; and that Plaintiff can bring a court action).

97.  Given that Defendant GMFS and Defendant Specialized Loan Servicing never sent a proper default notice, none of the other steps could take place (acceleration letter, notice of foreclosure, advertisement of foreclosure).

98.  Going back to the monthly statement, it is referenced the "first legal filing" had been completed. There is no "first legal filing" in Alabama as Alabama is a non judicial foreclosure state.

99.  On April 17, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS sent a monthly mortgage statement.

100.  It falsely states that the loan was accelerated.

101.  The statement also falsely claimed that "Your loan is in foreclosure, the first notice or first legal filing has been completed on your loan."

102.  On April 17, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS told Plaintiff her loss mitigation paperwork had been received.

103.  On May 2, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS wrongfully and illegally denied Plaintiff loss mitigation

104. On May 17, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS sent a monthly statement that contained false representations and inaccurate information.

105. For example, the monthly statement said, "Your loan is in foreclosure, the first notice or first legal filing has been completed on your loan."

106. At this time, Plaintiff's loan was not in foreclosure.

107. The statement also falsely claimed the loan had been accelerated.

108. On June 13, 2018, Defendant Specialized Loan Servicing on its behalf and on behalf of Defendant GMFS sent a "reinstatement" letter to Plaintiff.

109. This contained false numbers.

110. This also contained information required to be present in the default notice per paragraph 22 – for example, the fact that the Plaintiff can reinstate her loan and that she can file a court action.

111. But these must be disclosed before the loan is accelerated, per paragraph 22.

112. They have to be disclosed in the paragraph 22 default notice, which Defendant GMFS or Defendant Specialized Loan Servicing never sent to Plaintiff.

113. Without the default notice fully complying with paragraph 22, no acceleration can occur and any acceleration must be sent by a notice. As of this time (June 13, 2018), no acceleration notice had been sent.

114. Without these conditions precedent taking place, no right existed with Defendant GMFS or Defendant Specialized Loan Servicing to advertise in the Shelby County Reporter about any foreclosure as no foreclosure was allowed.

115. On June 18, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS sent a monthly statement that contained false representations and inaccurate information.

116. For example, the monthly statement said, "Your loan is in foreclosure, the first notice or first legal filing has been completed on your loan."

117. At this time, Plaintiff's loan was not in foreclosure.

118. The statement also falsely claimed the loan had been accelerated and the amount owed was $300,161.19.

119. On June 18, 2018, the foreclosure law firm of Sirote sent a letter to Plaintiff on behalf of Defendant GMFS and Defendant Specialized Loan Servicing.

120. Sirote was and is acting as the agent and attorney for Defendant GMFS and Defendant Specialized Loan Servicing.

121. Sirote even expressly stated that its client was Defendant Specialized Loan Servicing.

122. This letter, for the first time, stated that Defendant GMFS "hereby accelerates to maturity the entire remaining unpaid balance of the debt . . ."

123. The Sirote letter claimed the amount owed, as of June 18, 2018, the same date as the monthly statement referenced previously, was $300,495.22, which is a higher amount than Defendant GMFS and Defendant Specialized Loan Servicing told Plaintiff in the June 18, 2018 monthly statement.

124. The Sirote letter did not say the loan was previously accelerated.

125. The Sirote letter did not say the loan had ever been "un-accelerated" or that any previous acceleration had been reversed.

126. Instead it says, in the present tense, the creditor "hereby accelerates" – this is something that had not happened in the past.

127. The first acceleration (or attempted acceleration because paragraph 22 has not been complied with) was on June 18, 2018.

128. Not prior to this as Defendant GMFS and Defendant Specialized Loan Servicing repeatedly and intentionally stated in their false and misleading communications with Plaintiff, with the credit reporting agencies, with the public by way of the newspaper advertisements, etc.

129. The Sirote letter notified Plaintiff for the first time that the foreclosure sale was set for August 21, 2018.

130. Sirote sent a second letter on June 18, 2018, to Plaintiff's home indicating, "The mortgage for the property in which you are living is in foreclosure as a result of the owner's default."

16

131. This is a false statement as the mortgage was not, as of June 18, 2018, in foreclosure.

132. The letter goes on to state the title of the property is expected to go to Defendant GMFS and then later to HUD (Housing and Urban Development).

133. On June 27, 2018, Defendant Specialized Loan Servicing and Defendant GMFS through their law firm of Sirote ran a false and illegal ad in the Shelby County Reporter claiming foreclosure was going to occur on August 21, 2018.

134. Such a foreclosure, and the ad itself, were illegal and false and did not comply with the law and the mortgage.

135. On July 4, 2018, Defendant Specialized Loan Servicing and Defendant GMFS through their law firm of Sirote ran a false and illegal ad in the Shelby County Reporter claiming foreclosure was going to occur on August 21, 2018.

136. Such a foreclosure, and the ad itself, were illegal and false and did not comply with the law and the mortgage.

137. On July 11, 2018, Defendant Specialized Loan Servicing and Defendant GMFS through their law firm of Sirote ran a false and illegal ad in the

Shelby County Reporter claiming foreclosure was going to occur on August 21, 2018.

138. Such a foreclosure, and the ad itself, were illegal and false and did not comply with the law and the mortgage.

139. On July 17, 2018, Defendant Specialized Loan Servicing on behalf of itself and Defendant GMFS sent a monthly statement that contained false representations and inaccurate information.

140. For example, the monthly statement said, "Your loan is in foreclosure, the first notice or first legal filing has been completed on your loan."

141. At this time, Plaintiff's loan was not in foreclosure.

142. The condition precedent steps had not been taken so legally the loan was not in foreclosure.

143. The statement also falsely claimed the loan had been accelerated and the amount owed was $300,161.19.

144. The condition precedent steps had not occurred that are required to happen before acceleration so the loan was not accelerated.

145. On August 13, 2018, Plaintiff mailed a reinstatement request to Sirote.

146. Plaintiff has called Sirote multiple times regarding reinstatement and whether the foreclosure will be canceled but Sirote refuses to talk to Plaintiff, violating its obligations under the mortgage and the law.

147. On August 14, 2018, Plaintiff pulled Plaintiff's Experian credit report.

148. It contains numerous false statements including that foreclosure proceedings began in July 2018.

149. On August 15, 2018, Plaintiff pulled Plaintiff's Equifax credit report.

150. It contains numerous false statements including that foreclosure proceedings started in April 2017.

151. As pointed out above, even though it is void and illegal, Defendant GMFS and Defendant Specialized Loan Servicing through their lawyer Sirote don't even claim to have accelerated the loan until June 2018.

152. So without an acceleration in June 2018 (which did not happen as described above), there certainly could not have been the initiation of a foreclosure in April 2017.

153. On August 15, 2018, Plaintiff pulled Plaintiff's TransUnion credit report.

154. It contains numerous false statements including that foreclosure proceedings were initiated in August 2017, September 2017, October 2017, January 2018, February 2018, and March 2018. It also indicates elsewhere the false statement that "foreclosure initiated."

## Non-Judicial Foreclosures In Alabama

155. There are two types of foreclosure in America.

156. By filing a complaint for foreclosure and having the Circuit Court rule that foreclosure is proper.

157. This is known as a "judicial foreclosure."

158. Florida, for example, is a judicial foreclosure state where tens of thousands of foreclosures have been filed in the Circuit Courts.

159. The other way is a "non-judicial foreclosure" and this is used almost 100% of the time in residential foreclosures in Alabama.

160. In a non-judicial foreclosure, the Alabama Supreme Court has repeatedly reminded mortgage companies and foreclosure lawyers that the mortgage and the law must be strictly complied with in order to have the benefit of a non-judicial foreclosure.

161. A non-judicial foreclosure is of great advantage to mortgage companies, as they do not have to file a lawsuit.

162. Instead, it is akin to a vehicle repossession where there is no court involvement – hence the name of "non-judicial" foreclosure.

163. To get this great advantage, the mortgage company must strictly comply with all steps and laws.

164. Here are the steps that must be strictly complied with in order to do a non-judicial foreclosure.

165. First, the homeowner must truly be in default of an existing unpaid loan.

166. Second, the mortgage company must send a default letter (notice of default) that strictly complies with the mortgage. In this case, that is Paragraph 22 of the mortgage.

167. Third, if the homeowner does not cure the default, then the loan must be accelerated in accordance with Paragraph 22 of the mortgage.

168. Fourth, the foreclosure date must be properly set and advertised in a newspaper in Jefferson County for three consecutive weeks.

169. Fifth, the notice of sale must be sent to homeowner.

170. If any step is not done strictly in compliance with the law and the mortgage, then the attempted foreclosure fails and is invalid.

171. These steps must also be done in the correct order or sequence.

172. It is improper to get these steps out of order.

173. The same as the following two sentences use the same words but slightly change the order – it fundamentally changes the meaning.

174. "The dog bit Billy."

175. "Billy bit the dog."

176. The sequence of the steps leading up to a foreclosure is vital.

## This Lawsuit Is Brought Under The Mortgage For This Court To Determine The Validity Of Any Default, Acceleration or Foreclosure

177. Defendant GMFS and Defendant Specialized Loan Servicing have not sent a valid default notice as required by Paragraph 22 of the mortgage.

178. Defendant GMFS and Defendant Specialized Loan Servicing have not sent a valid acceleration notice as required by Paragraph 22 of the mortgage.

179. Defendant GMFS and Defendant Specialized Loan Servicing have not sent a copy of a valid foreclosure sales notice as required by Paragraph 22 of the mortgage.

180. The default has not been properly described to Plaintiff as required by the mortgage.

181. There is no acceleration without the conditions precedent being taken.

182. And no foreclosure can occur without all the previous steps being taken in the correct order/sequence.

## Remaining Factual Allegations

183. All the monthly statements contain false and inaccurate figures and statements and also contain bogus and illegal/inflated charges and fees.

184. All actions of the law firm of Sirote were taken in the line and scope of its agency and representation of both Defendant GMFS and Defendant Specialized Loan Servicing.

185. No proper default letter was sent as required by the mortgage to do a foreclosure.

186. No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

187. No proper notice of sale was sent to Plaintiff, as required by the mortgage.

188. Defendant GMFS and Defendant Specialized Loan Servicing have not made proper advertisements of the foreclosure sale.

189. Defendant GMFS and Defendant Specialized Loan Servicing refused to properly offer and review loss mitigation options as required by RESPA.

190. Defendant GMFS and Defendant Specialized Loan Servicing refused to send accurate and lawful mortgage statements each month as required by RESPA and TILA.

191. Defendant GMFS and Defendant Specialized Loan Servicing have a pattern and practice of violating state law, RESPA and TILA.

192. This is not an oversight on the part of Defendant GMFS and Defendant Specialized Loan Servicing but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiff

when dealing with an alleged mortgage loan. This is also true of Defendant Specialized Loan Servicing consistently and repeatedly violating the FDCPA.

193. Defendant GMFS and Defendant Specialized Loan Servicing believe that very few, if any, consumers will take action based upon their violation of Federal and state laws.

194. The actions and inactions of Defendant GMFS and Defendant Specialized Loan Servicing violate the TILA, RESPA, state law and for Defendant Specialized Loan Servicing the FDCPA.

195. The loan at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

196. It is a consumer and personal loan for a home and thus qualifies as a covered debt under the FDCPA.

197. Plaintiff alleges the debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendant Specialized Loan Servicing.

198. Defendant Specialized Loan Servicing is in the primary business of collecting debts.

199. Defendant Specialized Loan Servicing meets all requirements to be considered a "debt collector" under the FDCPA.

200. Defendant GMFS and Defendant Specialized Loan Servicing have continued to this very day to engage in debt collection activities against Plaintiff,

including seeking payment of an amount not owed and attempting to foreclose against Plaintiff without the right to do so.  This has been done through calls, letters, credit reporting, and other means of collection.

201.  Misrepresentations were made regarding the character, amount, or legal status of the debt.

202.  The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

203.  The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendant GMFS and Defendant Specialized Loan Servicing were not legally entitled to take or had no intention of taking.

204.  The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

205.  Defendant GMFS and Defendant Specialized Loan Servicing used false representations and/or deceptive means to collect on this debt.

206.  The collection methods employed by Defendant GMFS and Defendant Specialized Loan Servicing were harassing and illegal.

207.  As a direct result of the acts complained of against Defendant GMFS and Defendant Specialized Loan Servicing, Plaintiff has been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiff's

reputation, economic and emotional damages and claim from Defendant GMFS and Defendant Specialized Loan Servicing all damages allowable under the law.

208. It is understandable and natural and foreseeable that if an improper and illegal threat is made to take a consumer's home, the consumer will find this very upsetting and will suffer emotional distress.

209. Plaintiff's name has been published in a newspaper and online as facing foreclosure – this has caused great emotional distress as would be expected when false information is published about a consumer in the public.

210. Knowing that Defendant GMFS and Defendant Specialized Loan Servicing have violated the federal and state laws as well as refusing to follow the contract (mortgage and note) is very upsetting and has caused emotional distress and mental anguish to Plaintiff.

211. Plaintiff does not know what other illegal acts Defendant GMFS and Defendant Specialized Loan Servicing will commit but it is obvious to Plaintiff that Defendant GMFS and Defendant Specialized Loan Servicing will continue to illegally collect and attempt to take Plaintiff's home and this has caused and will continue to cause great emotional distress and mental anguish as well as economic loss.

212. All employees and agents of Defendant GMFS and Defendant Specialized Loan Servicing acted with the line and scope of their employment and/or agency relationship.

213. Defendant GMFS and Defendant Specialized Loan Servicing have refused to apologize to Plaintiff for their misconduct against Plaintiff.

214. There is no right to foreclose and Plaintiff requests this Honorable Court rule that Defendant GMFS and Defendant Specialized Loan Servicing have no such right to foreclose on August 21, 2018.

215. The causes of action below are broken out into separate counts and describe whether each count is against Defendant GMFS or Defendant Specialized Loan Servicing or both and each count is based upon the factual allegations of this Complaint.

## COUNT I

## VIOLATIONS OF RESPA (Both Defendants)

216. Defendant GMFS and Defendant Specialized Loan Servicing are obligated to properly offer loss mitigation options to Plaintiff before foreclosing.

217. Defendant GMFS and Defendant Specialized Loan Servicing refused to do this and refused to properly consider the loss mitigation requests in a timely and accurate manner.

218. This is one of the numerous violations of RESPA by Defendant GMFS and Defendant Specialized Loan Servicing.

219. Another example is the refusal to send accurate compliant monthly mortgage statements, as required by RESPA and TILA.

220. For example, 12 C.F.R. §1026.41 requires servicers, creditors, and assignees to send out a periodic monthly mortgage statement.

221. Defendant GMFS and Defendant Specialized Loan Servicing refused to do so and instead sent false statements as described above.

222. Defendant GMFS and Defendant Specialized Loan Servicing in this case have exhibited a pattern and practice of failing to comply with the Regulations.

223. As a result of this lack of compliance by the Defendant GMFS and Defendant Specialized Loan Servicing, they are each liable to Plaintiff for actual damages, statutory damages for each violation, costs and attorneys fees.

224. The violations of the law by Defendant GMFS and Defendant Specialized Loan Servicing have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## ·COUNT II

## VIOLATIONS OF TILA (Both Defendants)

225.  Defendant GMFS and Defendant Specialized Loan Servicing have refused to send compliant monthly mortgage statements, as required by RESPA and TILA.

226.  For example, 12 C.F.R. §1026.41 requires servicers, creditors, and assignees to send out an accurate periodic monthly mortgage statement.

227.  Defendant GMFS and Defendant Specialized Loan Servicing have refused to do so.

228.  Defendant GMFS and Defendant Specialized Loan Servicing in this case have exhibited a pattern and practice of failing to comply with the Regulations.

229.  As a result of this lack of compliance by the Defendant GMFS and Defendant Specialized Loan Servicing, they are each liable to Plaintiff for actual damages, statutory damages for each violation, costs and attorneys fees.

230.  The violations of the law by Defendant GMFS and Defendant Specialized Loan Servicing have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT[2]
### 15 U.S.C. § 1692d (Defendant Specialized Loan Servicing Only)

231. Section 1692d states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

232. It is natural and to be expected when a debt collector such as Defendant Specialized Loan Servicing collects in the manner it did, that it will cause harassment, oppression and abuse of the Plaintiff.

233. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e (Defendant Specialized Loan Servicing Only)

234. Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

---

[2] Plaintiff does not believe there are actually different causes of action on each subsection but to make this as easy as possible for Defendant Specialized Loan Servicing to respond to the Complaint, each section and subsection will be broken out into a separate Count.

235.   It is certainly false, deceptive, and misleading to collect an amount that is not owed, and to threaten to take a consumer's home when the debt collector Defendant Specialized Loan Servicing had no right to do so.

236.   As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(4) (Defendant Specialized Loan Servicing Only)

237.   Section 1692e(4) states "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

238.   This section prohibits exactly what Defendant Specialized Loan Servicing did – threaten to take the property – the home of Plaintiff – when it had no lawful right to do so.  Or alternatively, Defendant Specialized Loan Servicing knew it could not do this and never intended to – instead it simply threatened it.  Either way, the conduct of Defendant Specialized Loan Servicing violates the FDCPA.

239.  As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5) (Defendant Specialized Loan Servicing Only)

240.  Section 1692e(5) states "The threat to take any action that cannot legally be taken or that is not intended to be taken."

241.  This section prohibits exactly what Defendant Specialized Loan Servicing did – threaten to take the property – the home of Plaintiff – when it had no lawful right to do so and/or where Defendant Specialized Loan Servicing never intended to foreclose.

242.  As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10) (Defendant Specialized Loan Servicing Only)

243. Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

244. It is certainly false to collect on a debt an amount that is not owed, and to threaten to take a consumer's home when the debt collector Defendant Specialized Loan Servicing had no right to do so.

245. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT VIII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(11) (Defendant Specialized Loan Servicing Only)

246. Section 1692e(11) is a failure to provide warnings and disclosures that Defendant Specialized Loan Servicing is a debt collector attempting to collect debts.

247. Defendant Specialized Loan Servicing failed and refused to give all required warnings to Plaintiff and violated the FDCPA.

248. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f (Defendant Specialized Loan Servicing Only)

249. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

250. It is unfair to collect a debt in an amount not owed and to threaten to foreclose when there is no right to do so.  Defendant Specialized Loan Servicing's conduct is the classic case of unfair debt collection.

251. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT X.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1) (Defendant Specialized Loan Servicing Only)

252. Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

253. Nowhere in the mortgage or the note is there permission for Defendant Specialized Loan Servicing to collect on debt not owed or to threaten to foreclose when there is no legal right to do so.

254. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT XI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(6) (Defendant Specialized Loan Servicing Only)

255. Section 1692f(6) states "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take

possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

256. This is exactly what Defendant Specialized Loan Servicing did – threatened to take Plaintiff's property without the right to do so or if Defendant Specialized Loan Servicing never intended on taking it, then it also violated this subsection of the FDCPA.

257. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT XII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g (Defendant Specialized Loan Servicing Only)

258. Section 1692g states written notice must be sent to consumer informing consumer of certain rights under the FDCPA.

259. In the communications from Defendant Specialized Loan Servicing, this section was violated by the proper disclosures not being made under this section.

260. As a result of Defendant Specialized Loan Servicing's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and

reasonable attorney's fees, expenses and costs from Defendant Specialized Loan Servicing.

## COUNT XIII

## BREACH OF CONTRACT (Defendant GMFS Only)

261. Defendant GMFS had a contract (Note and Mortgage) with Plaintiff but Defendant GMFS breached the contract with Plaintiff by its own conduct and by the conduct of its agent Defendant Specialized Loan Servicing.

262. For example, Defendant GMFS failed to follow Paragraph 22 of the mortgage.

263. Defendant GMFS failed to send a valid default letter as required by Paragraph 22 of the mortgage.

264. Defendant GMFS refused to send a valid acceleration letter as required by Paragraph 22 of the mortgage.

265. Defendant GMFS refused to advise Plaintiff of Plaintiff's rights under Paragraph 22 as Paragraph 22 of the mortgage requires of Defendant GMFS.

266. Defendant GMFS is breaching the contract as described above and also because the contract does not allow for collection or foreclosure when the conditions precedents are not followed.

267. The other numerous violations of the contact will be identified in discovery.

268. The breaches of contract by Defendant GMFS have damaged and harmed Plaintiff. This includes, but is not limited to, the threat of the foreclosure, the public advertising of the foreclosure, and the actual foreclosure that is planned for August 21, 2018.

269. The Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, and monetary loss as a direct consequence of the breaches of contract by Defendant GMFS.

270. Defendant GMFS is responsible for each and every breach of the contract committed by Defendant Specialized Loan Servicing as Defendant Specialized Loan Servicing has acted as the agent for Defendant GMFS related to the contract.

271. As a result of Defendant GMFS's breach of contract, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant GMFS.

## COUNT XIV

## DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

### (Both Defendants)

272. Because Defendant GMFS and Defendant Specialized Loan Servicing have failed to follow the mortgage, the foreclosure should not be allowed to go forward.

273. Defendant GMFS and Defendant Specialized Loan Servicing have no right to foreclose.

274. Pursuant to Paragraph 22 of the mortgage, as well as the other parts of the contract and under Federal and state law, Plaintiff requests a determination that foreclosure is not allowed.

## COUNT XV

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND EMPLOYEES/AGENTS (Both Defendants)

275. Defendant GMFS's and Defendant Specialized Loan Servicing's collectors and employees/agents are allowed and encouraged to break Alabama tort law in order to collect debts and foreclose on homes.

276. The Alabama tort law violated includes:   negligence, wantonness, and invasion of privacy.

277. For example, the Defendant GMFS and Defendant Specialized Loan Servicing know they must follow the mortgage but each of them allows and encourages its collectors/employees/agents to violate the mortgage as set forth in this Complaint.

278. Each Defendant knows that it is illegal to foreclose against Plaintiff under these circumstances but Defendant GMFS and Defendant Specialized Loan Servicing have publicly and privately told Plaintiff that Defendant GMFS

and Defendant Specialized Loan Servicing will take Plaintiff's home from Plaintiff and this constitutes an invasion of privacy under Alabama law as well as negligence and wantonness.

279. Defendant GMFS and Defendant Specialized Loan Servicing are aware of the wrongful conduct of their agents and/or employees.

280. The actions of Defendant GMFS's and Defendant Specialized Loan Servicing's agents and employees were not done secretly but instead were done openly through letters, calls and even publicly through advertising the foreclosure in a public newspaper and online.

281. Clearly Defendant GMFS and Defendant Specialized Loan Servicing knew or should have known of the violations of Alabama tort law if each one had exercised any due care.

282. As Defendant GMFS and Defendant Specialized Loan Servicing have not apologized in any way to Plaintiff, it is apparent that the Defendant GMFS and Defendant Specialized Loan Servicing intended for Plaintiff to be treated the way Plaintiff was treated by Defendant GMFS's and Defendant Specialized Loan Servicing's employees and agents.

283. Despite the knowledge of what was happening, Defendant GMFS and Defendant Specialized Loan Servicing refused to correct, discipline, supervise

or make right the wrongful conduct of their agents and employees who violated Alabama tort law.

284. Instead, Defendant GMFS and Defendant Specialized Loan Servicing have intentionally (or wantonly or negligently) reaped the rewards of and encouraged their employees and agents to violate Alabama tort law.

285. Defendant GMFS and Defendant Specialized Loan Servicing negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate Alabama law as was done to Plaintiff, and Defendant GMFS and Defendant Specialized Loan Servicing are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

**COUNT XVI**

**NEGLIGENT AND/OR WANTON CONDUCT (Both Defendants)**

286. Defendant GMFS and Defendant Specialized Loan Servicing had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care when it decided to threaten to foreclose and advertise publicly an upcoming foreclosure against Plaintiff.

287. So when Defendant GMFS and Defendant Specialized Loan Servicing decided to collect money and to threaten and actually schedule a foreclosure, with no

contractual right to do so, they were obligated to proceed with reasonable and due care.

288. Defendant GMFS and Defendant Specialized Loan Servicing had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff when they threatened an illegal foreclosure and publicly announced the same.

289. Defendant GMFS and Defendant Specialized Loan Servicing violated all of the duties Defendant GMFS and Defendant Specialized Loan Servicing had and such violations were made wantonly.

290. It was foreseeable, and Defendant GMFS and Defendant Specialized Loan Servicing did in fact foresee it, the actions of Defendant GMFS and Defendant Specialized Loan Servicing would lead and did lead to the exact type of harm suffered by Plaintiff.

291. Plaintiff has been damaged by Defendant GMFS's and Defendant Specialized Loan Servicing's wrongful conduct as described in this Amended Complaint.

## COUNT XVII

## INVASION OF PRIVACY (Both Defendants)

292. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant GMFS and Defendant Specialized Loan Servicing violated Alabama state law as described in this Complaint.

293. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

294. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

295. Defendant GMFS and Defendant Specialized Loan Servicing and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

296. Defendant GMFS and Defendant Specialized Loan Servicing and their
agents intentionally, recklessly, and/or negligently caused emotional harm to
Plaintiff by engaging in highly offensive conduct in the course of collecting
this debt including illegally threatening to take Plaintiff's home, trying to
take Plaintiff's money and all other wrongful acts which will come to light in
discovery, thereby invading and intruding upon Plaintiff's right to privacy.

297. It is hard to imagine a more unreasonable form of collection by a debt
collector or a creditor than to use the threat of an illegal foreclosure to
wrench money from a consumer Plaintiff.

298. Combined with actually scheduling an illegal foreclosure, and publicly
advertising such to the world (in print and online), no greater pressure could
ever be brought against an Alabama consumer as occurred here to the
Plaintiff as a direct and proximate result of Defendant GMFS's and
Defendant Specialized Loan Servicing's actions.

299. The conduct of Defendant GMFS and Defendant Specialized Loan Servicing
truly goes well beyond any bounds of reasonableness and is simply
inexcusable in this modern age.

300. This includes the threats to foreclose, the advertising of the foreclosure, the
illegal debt collection, and all other wrongful acts of Defendant GMFS and

Defendant Specialized Loan Servicing as outlined in this Complaint and as will be proven at trial.

301. The plan and scheme carried out by Defendant GMFS and Defendant Specialized Loan Servicing exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this nonexistent debt and no right to threaten to foreclose.

302. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

303. The conduct of Defendant GMFS and Defendant Specialized Loan Servicing and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant GMFS and Defendant Specialized Loan Servicing which occurred in a way that would be highly offensive to a reasonable person in that position.

304. Plaintiff is entitled to actual damages (including emotional distress, mental anguish and monetary losses) in an amount to be determined at trial from Defendant GMFS and Defendant Specialized Loan Servicing.

305. All invasions of privacy acts of Defendant GMFS and Defendant Specialized Loan Servicing and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such

Defendant GMFS and Defendant Specialized Loan Servicing are subject to punitive damages as well as nominal and compensatory damages.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff having set forth Plaintiff's claims for relief against all Defendants including Defendant GMFS and Defendant Specialized Loan Servicing, Plaintiff respectfully prays of the Court as follows:

a. That Plaintiff have and recover against Defendant GMFS and Defendant Specialized Loan Servicing a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b. That Defendant GMFS and Defendant Specialized Loan Servicing be enjoined from further violations of the law against Plaintiff;

c. This Honorable Court rule that there is no right to foreclose by Defendant GMFS and Defendant Specialized Loan Servicing;

d. That Plaintiff has reasonable attorney's fees, costs, expenses; and

e. That Plaintiff has such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Attorneys for Plaintiff**

**OF COUNSEL:**
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/John G. Watts
**Attorney for Plaintiff**

**Serve Defendants as follows by certified mail:**

GMFS, LLC
c/o Paracorp, Incorporated
2724 10th Ave
Huntsville, Alabama 35805

Specialized Loan Servicing, LLC
c/o United Agent Group, Inc.
6 Office Park Circle #100
Mountain Brook, Alabama 35223

47

AUG 2 4 2018