FILED
2020 Jan-15  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| KIARA PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-01572-JHE |
| | ) | |
| GMFS, LLC; SPECIALIZED LOAN SERVICING LLC; FICTITIOUS DEFENDANTS A-Z are those defendants who caused or responsible for the harm done to Plaintiff, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GMFS, LLC AND SPECIALIZED LOAN SERVICING LLC'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Defendants GMFS, LLC and Specialized Loan Servicing LLC ("SLS," collectively with GMFS, "Defendants") hereby submit this supplemental motion for summary judgment on Plaintiff's Complaint and supporting memorandum of law, respectfully requesting that the Court enter summary judgment for Defendants as to all of Plaintiff's claims related to the servicing of her mortgage loan and the non-judicial foreclosure sale of property securing the loan.

## INTRODUCTION

Defendants' initial motion for summary judgment in this wrongful foreclosure

case remains pending. Docs. 13 and 25. As demonstrated in that Motion and in the supporting Reply brief, GMFS and SLS are entitled to summary judgment as to Plaintiff's claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") based on her loss mitigation application(s), negligent or wanton conduct, negligent supervision and hiring of incompetent employees, and her claim seeking a declaration prohibiting foreclosure of the property.

This Supplemental Motion concerns Plaintiffs' federal claims arising from her allegations related to the Notice of Default and Notice of Acceleration.  Specifically, Plaintiff asserts claims for violations of RESPA, the Truth in Lending Act and Regulation Z, 12 C.F.R. § 1026.41 ("TILA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") based on allegations that the monthly statements inaccurately stated that the Loan was in default, accelerated and in foreclosure.  Plaintiff specifically alleges that, because notice of default and/or notice of acceleration were allegedly not sent, the Loan could not have been in default, accelerated, or in foreclosure, and therefore, the monthly statements that advised to the contrary were inaccurate.

With respect to the mailing of the Notice of Default and Notice of Acceleration, in response to Defendants' Motion, Plaintiff argued that GMFS and SLS failed to proffer sufficient evidence to prove the Notices were mailed, and she further attempted to manufacture a dispute of fact with self-serving declarations

DMEAST #39845693 v1

stating that she did not receive the Notice of Default and Notice of Acceleration. *See* Doc. 17-1, ¶¶ 13-14.

GMFS and SLS now present additional evidence of when the Notices of Default and Notice of Acceleration were sent, the address to which they were sent, how the letters were sent, and testimony regarding procedures for mailing and logging sent mail – precisely the information Plaintiff contends was missing from Defendants' initial motion for summary judgment. *See* Doc. 18 at p. 7. Therefore, GMFS and SLS have satisfied the requirements of the mailbox rule and are entitled to a presumption of mailing.

And although the Alabama Supreme Court has held that self-serving testimony denying receipt can be sufficient to create a dispute of material fact as to mailing, that case law does not apply to Plaintiff's federal claims. Rather, under the Federal Rules of Evidence, federal, not state, common law applies, and the mere denial of receipt is insufficient to rebut the presumption of mailing. Defendants are entitled to summary judgment with respect to her claims for violation of the FDCPA, TILA and RESPA based on allegations related to the mailing of the Notice of Default and Notice of Acceleration.

Accordingly, the Court should grant Defendants summary judgment as a matter of law with respect to all of Plaintiff's federal claims related to the mailing of the notice of default and acceleration, and Plaintiff's RESPA claim related to loss

DMEAST #39845693 v1

mitigation activity, negligent or wanton conduct, negligent supervision and hiring of incompetent employees, and her claim seeking a declaration prohibiting foreclosure of the property, as addressed in SLS and GMFS's earlier briefing.  *See* Docs. 13 and 25.

## SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

1.     On November 1, 2016, Plaintiff originated a mortgage loan with GMFS, LLC ("GMFS") in the amount of $274,928.00, secured by real property located 228 Lake Forest Way, Maylene, Alabama 35114 (the "Loan").

2.     After Plaintiff's failure to make her first and second payments on the Loan, Doc. 12-5, 12-6, and 12-7, on January 17, 2017, GMFS sent Plaintiff a Notice of Default. Jan. 17, 2017 Notice of Default, Doc. 12-8; *see also* Declaration of Diane McCormick, Doc. 31-1, at ¶¶ 5-6.

3.     On March 21, 2017, GMFS sent Plaintiff a second Notice of Default. Mar. 21, 2017 Notice of Default, Doc. 12-10; *see also* McCormick Dec., Doc. 31-1, at ¶¶ 5 and 7.

4.     GMFS sent Plaintiff a final Notice of Default on April 26, 2017. April 26, 2017 Notice of Default, Doc. 12-12; McCormick Dec., Doc. 31-1, at ¶¶ 5 and 8.

5.     GMFS's prior servicer, Cenlar FSB, maintains a mailing log tracking certain letters sent to borrowers.  *See* McCormick Dec., Doc. 31-1, at ¶ 3.  The mailing log contains only letters that were actually sent.  *Id.*  The information in the

4

mailing log was generated from electronic data that was recorded at or near the time of the information reflected therein, and is maintained in the ordinary course of Cenlar's business. *Id.* at ¶ 10. In other words, the entries for the log are created at or near the time the letters reflected therein are actually sent. *Id.* at ¶ 5, 6 10.

6.     Each of the Notices of Default is addressed to Plaintiff's address. *See* Docs. 12-8, 12-10, and 12-12; McCormick Dec., Doc. 31-1 ¶ 5. Each Notice is reflected in the mailing log evidencing that the notices were actually sent, and the log indicates that the letters were sent via certified mail. McCormick Dec., Doc. 31-1, at ¶¶ 5-8.

7.     GMFS and SLS have no record of the Notices of Default being returned as undeliverable. *Id.* at ¶ 9; Deposition of Loretta Poch, Doc. 33-1, at 122:6-14.

8.     On July 20, 2017, Sirote & Permutt, PC ("Sirote") sent a Notice of Acceleration of the Loan to Plaintiff. July 20, 2017 Notice of Acceleration, Doc. 12-14; Affidavit of Rebecca Redmond, Doc. 31-4, at ¶ 7. After Ms. Redmond executed the letter, it was imaged and saved, and then routed the mail room to be mailed. *Id.* at ¶ 8. The Notice of Acceleration was addressed to the Property address, and sent via First Class Mail via the United States Post Office. *Id.* at ¶ 9. Sirote has no record that the Notice of Acceleration was retuned as undeliverable. *Id.*

## LEGAL STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56(a)

should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A movant "bears the initial responsibility of informing the district court of the basis for its motion," and to establish a prima facie case "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a moving party has done so, the burden shifts to the non-moving party to "go beyond the pleadings" and demonstrate a genuine issue for trial. *Id.* at 324. *See also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

The court should draw all reasonable inferences in favor of the non-moving party. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). Such inferences are not unqualified, and "an inference is not reasonable if it is only a guess or possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983).

## ARGUMENT

### A. GMFS is Entitled to Summary Judgment as a Matter of Law as to Plaintiff's Federal Claims Premised on Allegations that Notice of Default and Notice of Foreclosure Were Not Sent (Counts I-XII).

Plaintiff asserts claims for violation of RESPA (*see, e.g.* Dkt. 1 at ¶¶ 219-220), TILA (*see, e.g. id.* at ¶¶ 226-227) and the FDCPA (*id.*, Counts III-XII) against GMFS and/or SLS based on her allegations that GMFS and SLS sent her false or

inaccurate monthly statements that incorrectly stated that the Loan was in default, was accelerated, or was in foreclosure.  This theory is based on Plaintiff's allegation that GMFS failed to send her Notice of Default or Notice of Acceleration. Contrary to Plaintiff's claims, the documents and records before the Court show that there is no genuine issue of material fact that GMFS provided all required notices.

### 1.    Federal Common Law Applies, Not Alabama Law.

As an initial matter, the federal common law related to the presumption of mailing applies to these claims.  Federal Rule of Evidence provides that, in civil actions, "state law governs the effect of a presumption regarding a claim or defense *for which state law supplies the rule of decision*."  Plaintiff's federal claims arise under three federal statutes, and therefore, state law does not provide the rule of decision for these claims.  Accordingly, federal common law applies.

Like Alabama law, federal common law recognizes the mailbox rule's presumption of mailing.  *See, e.g.*, *Konst v. Florida East Coast Ry.*, 71 F.3d 850, 851 (11th Cir. 1996); *Taylor v. First N. Am. Nat'l Bank*, 325 F. Supp. 2d 1304, 1311 (M.D. Ala. 2004).  For example, a defendant was entitled to the presumption that a cardmember agreement was mailed after proffering a declaration stating that account notes indicate the agreement was mailed pursuant to the defendant's account-opening procedures, and that no mail sent to the plaintiff was ever returned.  *Taylor*, 235 F. Supp. at 1311.  Critically, under federal common law, the plaintiff's bare

DMEAST #39845693 v1

assertion of non-receipt is not sufficient to overcome the presumption under federal common law. *See, e.g.*, *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007); *Chavez v. Mercantil Commercebank, N.A.*, Case No. 10-23244, 2014 U.S. Dist. LEXIS 71044, *33 (S.D. Fla. May 23, 2014); *see also Hallman v. Pennsylvania Life Ins. Co.*, 536 F. Supp. 745, 746 n.2 (N.D. Ala. 1982) (holding mere denial of personal receipt does not raise genuine issue of material fact as to *mailing* under Alabama mailbox rule).

### 2.   GMFS Sent Plaintiff Notice of Default.

GMFS sent Plaintiff several Notices of Default, the last one being sent on April 26, 2017. Docs. 12-12.  GMFS's prior servicer, Cenlar, provided a declaration and mailing log that indicates the notices of default were sent to the borrower, at her mailing address, via certified mail on the date indicated on the letters themselves, and that any returned mail would have been documented in Cenlar's servicing records.  McCormick Dec., Doc. 31-1, at ¶¶ 5-9.  This is precisely the proof of mailing Plaintiff contends is required.  Doc. 18 at p. 7.  Plaintiff and her mother's evidence in opposition boil down to a single fact – they deny receiving the Notices. Moreover, these denials are weakened by the fact that Plaintiff's mother was largely absent from the Property during the time the Notices were being sent (*see, e.g.* Deposition of Kiara Perry, Doc. 32-1, at 136:9-21 and 137:13-21), and by the fact that Plaintiff's mother, who frequently spoke to GMFS and SLS while posing as

Plaintiff, appears to reference the March 21, 2017 Notice during a phone call (Deposition of Karen Perry, Doc. 32-78, at 23:5-25:21; *see also* Declaration of Robert Miller, Doc. 31-5, at ¶ 3).

Therefore, Plaintiff fails to demonstrate that there is a dispute of material fact regarding whether GMFS mailed the Notice of Default, and her federal claims for violation of the FDCPA, RESPA and TILA based on such allegations fail as a matter of law.

### 2.   GMFS Sent Plaintiff Notice of Acceleration.

Similarly, after Plaintiff failed to cure her default, GMFS, through its foreclosure counsel Sirote, sent Plaintiff a Notice of Acceleration on July 20, 2017. Doc. 12-14. Again, GMFS and SLS have now proffered the declaration of foreclosure counsel, Rebecca Redmond, who executed the Notice of Acceleration. Doc. 31-4, at ¶ 7.  After Ms. Redmond executed the letter, it was imaged and saved, and then routed the mailroom to be mailed.  *Id.* at ¶ 8.  The Notice of Acceleration was addressed to the Property address, and sent via First Class Mail via the United States Post Office.  *Id.* at ¶ 9.  Sirote has no record that the Notice of Acceleration was retuned as undeliverable.  *Id.*  Again, Plaintiff relies only on her and her mother's declarations denying receipt, which is itself weakened and contradicted by other evidence.  *See*, *supra* at p. 8-9.

To the extent Plaintiff alleges that a subsequent notice of acceleration included

in the June 8, 2018 Notice of Foreclosure sent by Sirote was somehow improper, such a contention lacks merit. The subsequent notice of acceleration was redundant, as the Loan was previously accelerated nearly a year earlier, GMFS never sent any communication or notice suggesting that the Loan had been unaccelerated, and in fact, beginning in October 2017, every Monthly Statement sent to Plaintiff correctly reiterated that the Loan had been accelerated. Docs. 12-20, 12-36.

### 3. Account Statements and Other Representations Based on the Default, Acceleration and Foreclosure Were Accurate.

Plaintiff's federal claims for violation of the RESPA, FDCPA and TILA arise from allegations that GMFS and SLS sent her inaccurate monthly statements that incorrectly stated that the Loan had been accelerated and was in foreclosure, As shown above, Plaintiff's claims lack evidentiary support because GMFS and SLS have proffered sufficient evidence of mailing, and Plaintiff's self-serving denials of receipt does not create a dispute of fact with respect to proof of mailing.  Therefore, Plaintiff's federal claims lack merit.

For example, Plaintiff alleges that monthly statements sent by GMFS in August, September and October 2017 were inaccurate because they stated that a foreclosure action was initiated on August 9, 2017. Compl., Doc. 1-1, at ¶¶ 42-43; 50-51; 55-58. However, this disclosure was accurate because, following GMFS providing Notice of Default (Docs. 12-8, 12-10, 12-12), on August 1, 2017, Sirote sent notice to Plaintiff of the October 11, 2017 foreclosure sale. Doc. 12-18.

Therefore, the August, September and October 2017 monthly statements were accurate.

Similarly, Plaintiff alleges that the statements sent between February 2018 and July 2018 were inaccurate because they stated that Plaintiff's Loan was in foreclosure. However, while the first foreclosure sale scheduled for October 11, 2017 did not go forward, Plaintiff's Loan remained accelerated and in foreclosure status until the foreclosure sale eventually took place on August 21, 2018. *See also, e.g.*, Poch Deposition, Doc. 33-1, at 105:25-106:3 and 129:16-130:1 (testifying that as long as a referral to foreclosure counsel remains active, a loan remains in foreclosure states even when a scheduled sale date is postponed). Therefore, Plaintiff cannot prove that the disclosures in the monthly statements that the Loan was in foreclosure were inaccurate.

Finally, Plaintiff contends that the October 2017 and February through July 2018 Monthly Statements were inaccurate because they stated that the Loan had been accelerated. Compl., Doc. 1-1, at ¶¶ 55-58. Plaintiff's claim is demonstrably false because Sirote sent Plaintiff a Notice of Acceleration on July 20, 2017 after she failed to cure in response to the Notice of Default. Doc 12-13, 12-14; *see generally* Redmond Dec., Doc. 31-4.

For these reasons, Plaintiff's claim that GMFS and SLS violated the RESPA, FDCPA or TILA by sending inaccurate monthly statements lack evidentiary support

11

and fail as a matter of law.

## CONCLUSION

For the foregoing reasons, and as discussed in Defendants' initial Motion for Summary Judgment, Defendants respectfully request the Court enter summary judgment in favor of Defendants as to Plaintiff's federal claims, and as to her claims for breach of contract as it relates to an alleged failure to send notice of foreclosure, negligent or wanton conduct, negligent supervision and hiring of incompetent employees, and her claim seeking a declaration prohibiting foreclosure of the Property.

Dated:  January 15, 2020                    Respectfully submitted,

*/s/ Christopher J. Willis*
Christopher J. Willis
Alabama Bar No. 2571-L72C
BALLARD SPAHR LLP
999 Peachtree Street
Suite 1000
Atlanta, GA 30309-3915
Telephone: 678-420-9300
Facsimile: 678-420-9301
willisc@ballardspahr.com

*Counsel for Defendants GMFS, LLC and Specialized Loan Servicing LLC*

DMEAST #39845693 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served a copy of the foregoing DEFENDANT GMFS, LLC AND SPECIALIZED LOAN SERVICING LLC'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW on the clerk of court via the CM/ECF, which will automatically serve the following parties:

John G. Watts
Stan Herring
WATTS & HERRING, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
*Counsel for Plaintiff Kiara Perry*

Dated:  January 15, 2020

/s/ Christopher J. Willis
Christopher J. Willis
Al. Bar No. 2571-L72C

*Counsel for Defendants GMFS, LLC and*
*Specialized Loan Servicing LLC*

DMEAST #39845693 v1